IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL DAVIS**, | Case No. 6:20-cv-01969-YY |
| Petitioner, | **ORDER** |
| v. | |
| **BRANDON KELLY**, | |
| Respondent. | |

**IMMERGUT, District Judge.**

On September 17, 2025, Magistrate Judge Youlee Yim You issued her Findings and Recommendations ("F&R"), ECF 78, recommending that this Court deny Petitioner's habeas petition filed under 28 U.S.C. § 2254, ECF 2. Petitioner timely filed objections to the F&R, ECF 80, and Respondent filed a response to those objections, ECF 81. This Court has reviewed de novo the portions of the F&R to which Petitioner objected. For the following reasons, this Court adopts Judge You's F&R in part, as explained in this Order.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a

PAGE 1 – ORDER

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Except as to Part V of the F&R addressing Petitioner's claim of cumulative error, *see* F&R, ECF 78 at 25, the F&R is adopted in full. Judge You found that "there is no constitutional error, let alone multiple errors." *Id.* at 25. But the Oregon Court of Appeals held that "even if counsel's performance was deficient . . . , the post-conviction court correctly determined that petitioner failed to prove that those deficiencies prejudiced petitioner." *Davis v. Kelly*, 303 Or. App. 253, 285 (2020). The F&R thus errs in concluding that because "there is no constitutional error, nothing can accumulate to the level of a constitutional violation." F&R, ECF 78 at 25. Rather, the Oregon Court of Appeals assumed that two constitutional errors occurred but denied both ineffective of counsel claims because neither resulted in prejudice under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *See Davis*, 303 Or. App. at 269–85. Therefore, the relevant issue as to the cumulative error claim is whether the "cumulative effect" of both errors was "so prejudicial as to require reversal." *Clark v. Chappell*, 936 F.3d 944, 993 (9th Cir. 2019) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1983)).

Applying the correct test, this Court denies Petitioner's cumulative error claim. "Cumulative error warrants habeas relief where the errors 'so infected the trial with unfairness' as to have a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.*

PAGE 2 – ORDER

(first quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); and then quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Here, "[b]ecause each error is, at best, marginal," this Court finds that "their cumulative effect" was not so prejudicial as to warrant habeas relief. *United States v. Karterman*, 60 F.3d 576, 580 (9th Cir. 1995). Petitioner points to counsel's deficient performance "with regard to establishing an opportunity for prisoners to conspire against petitioner and handling of Gunson's gut-content analysis." *Davis*, 303 Or. App. at 285 (2020). "[E]ven assuming that counsel's performance was deficient," as the state habeas court assumed, *id.* at 255, these errors together did not "so infect the trial with unfairness as to have a substantial and injurious effect or influence in determining the jury's verdict." *Clark*, 936 F.3d at 993 (citation modified). This Court therefore denies Petitioner's claim of cumulative error.

Petitioner's habeas petition, ECF 2, is DENIED, and this Court DECLINES to issue a Certificate of Appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 30th day of December, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER